UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEALTHBRIDGE FINANCIAL INC. et al.,

    Plaintiffs,

v.

    CASE NO. 1:26-cv-345

    HON. ROBERT J. JONKER

DANIEL MALVEN,

    Defendant.
_____/

## ORDER

Plaintiffs filed this declaratory judgment action on January 30, 2026. They now seek permission for alternative service under Federal Rule of Civil Procedure 4(e). The Court has discretion to authorize any alternative means of service "reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." MCR 2.105(I) (applicable here because of Federal Rules of Civil Procedure 4(e)(1). But before permitting alternative service, the Court must be satisfied that "service of process cannot reasonably be made" as normally required by rule. The Court is not satisfied on this present record and therefore **DENIES** the motion without prejudice.

Defendant is an individual who, according to Plaintiffs, resides in Illinois. The record reveals one attempt to serve Defendant at his home in Illinois, but no one was at home. The process server contacted Defendant on his cell phone and the defendant reportedly said he was in Fort Meyers, Florida, which is a place many in the Midwest like to be in January and February. Defendant reportedly said he was willing to accept service in Florida, but later appeared to change his mind and directed the process server to contact his attorney. This was presumably the attorney who prepared and sent a demand letter that triggered the filing of this declaratory

judgment action. Defense counsel reached out to Plaintiff's counsel and there was apparently some communication between them, though the details are not of record. Plaintiffs now seek permission to serve Defendant's counsel instead of proceeding under the normal requirements of Rule 4(e) for service on an out-of-state individual.

There are multiple ways to serve an individual defendant under Rule 4(e)(2). In addition, any method open to a plaintiff under state law is sufficient under Rule 4(e)(1). Personal service at home is certainly sufficient. But mail service is another authorized means under Michigan law. And, of course, Plaintiffs may always request waiver of service under Rule 4(d), which has incentives designed to appeal to both sides of the case. One effort at personal service is not enough to justify alternate service less than three weeks into the case. This is especially true when both sides appear to have counsel on the matter—counsel who have actually spoken with each other and can make informed decisions about waiver of service under Rule 4(d) or about other agreed means of effecting service. Failing that, Plaintiffs can certainly try other authorized means of formal service during the life of the summons. And if all else fails, Plaintiffs can apply again for alternative service after demonstrating that they have continued to try all reasonable means of effecting service without success.

Accordingly, plaintiffs' Motion for Alternative Service (ECF No. 6) is **DENIED** without prejudice.

**IT IS ORDERED.**

Dated: February 17, 2026              /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE